869 F.2d 593
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John W. HENRY, Jr., Appellant,
v.
DENMARK TECHNICAL COLLEGE, Denmark Technical College Area
Commission, Charlie G. Cave, Walker R. Hartner, H. Carl
Gooding, Eunice B. Miller, Walter E. Brooker; Essie M.
Carroll, Clarence V. Lebby and Dudley R. Williams, Appellees.
 No. 88-3980.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 27, 1988.
Decided: Feb. 21, 1989.
 
 Allen R. Holmes, William A. Edmundson, Gibbs & Holmes, on brief, for appellant.
 E. Jeannette Heyward, Ellison D. Smith, IV, Smith & Bundy, on brief, for appellees.
 Before DONALD RUSSELL and K.K. HALL, Circuit Judges, and DENNIS R. KNAPP, Senior District Judge for the Southern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 John W. Henry, Jr., appeals the district court's grant of summary judgment in favor of defendants in this employment termination case brought pursuant to 42 U.S.C. Sec. 1983 and the Fourteenth Amendment to the United States Constitution. Also asserted by Henry were pendent state law claims. The district court concluded that, as a matter of law, plaintiff was strictly an at-will employee without any property interest in his employment as President of Denmark Technical College and granted summary judgment for defendants. The district court thereupon concluded that it lacked jurisdiction over pendent state claims filed herein by plaintiff because his federal cause of action was decided adversely to him. Because we recognize that plaintiff had no cognizable claim for due process violations under the Fourteenth Amendment or 42 U.S.C. Sec. 1983, we affirm.
 
 I.
 
 2
 John W. Henry Jr., plaintiff, was discharged in September 1985 from his position as President of Denmark Technical College located in Denmark, South Carolina. Denmark Technical College (College) is one of several state-supported technical colleges governed at the South Carolina state level by the State Board for Comprehensive and Technical Education (State Board) and locally by the Denmark Technical College Area Commission (Area Commission).
 
 
 3
 The Area Commission voted to discharge the plaintiff, with the advice and concurrence of the State Board, following several months of controversy surrounding the plaintiff's administration. The plaintiff claims that he had a property interest in his continued employment with the College and that, therefore, he could have been discharged only upon a finding of just cause after he was afforded a grievance hearing.
 
 
 4
 Plaintiff filed his action in district court, whereupon the defendants filed a motion for summary judgment, supported by three affidavits and excerpts from the College's personnel policies and employee handbook. In their summary judgment motion the defendants asserted that the plaintiff was an at-will employee with no protected property interest and to whom the termination procedures contained in the employee handbook and State Employee Grievance Act did not apply. Plaintiff filed a responsive pleading which asserted that plaintiff had a contract of employment with the College wherein the terms of that contract were included in the employee handbook.
 
 
 5
 After considering the submissions of the parties and arguments of counsel, the district court granted defendants' motion for summary judgment and dismissed plaintiff's cause of action based on its conclusion that plaintiff was an at-will employee as a matter of law. This appeal followed.
 
 II.
 
 6
 Henry raises two issues on appeal. First, he asserts that under South Carolina law, he had a contract of employment with the College providing for his dismissal only for cause. Second, Henry argues that he was entitled to the protections of the grievance procedure set forth in the Employee Handbook of Denmark Technical College and the personnel policies of the Denmark Technical College Area Commission. None of these contentions has merit.
 
 
 7
 As to the first theory, it is undisputed that plaintiff had no source of guaranteed continued employment such as a written employment contract. Plaintiff contends that his contract of employment with the College was the approved Employee Handbook for Employees of Denmark Technical College. The Court is persuaded that the President of Denmark Technical College is not and was never intended to be covered by the employee handbook. The employee handbook adopted by the College states that:
 
 
 8
 "An employee may be dismissed at any time for just cause, and a dismissal can only be executed by the President and in the form of a written notice to the employee.... An employee who has permanent status shall have the right to appeal a dismissal utilizing the College grievance procedures."
 
 
 9
 The provision contains a just cause requirement and an accompanying grievance procedure. More importantly, the provision allows only the president of the College to discharge an employee. The handbook contains no corresponding provision for the discharge of the president himself. Accordingly, we believe that the handbook's termination provisions are entirely inconsistent with plaintiff's claim that he had a contract with the College, the terms of which were set out in the employee handbook.
 
 
 10
 Secondly, the College's grievance procedure set forth in the personnel policy embraces only those permanent employees as contemplated in Act No. 402 of the Acts and Joint Resolutions of South Carolina, 192. Act No. 402 is the State Employee Grievance Act, which specifically exempts from its coverage "chief administrative officers" of state agencies, i.e., "... any department, institution, board, commission, council, division, bureau, center, school, hospital, or other facility that is a governmental unit in the State of South Carolina." Sections 8-17-370(8) and 8-17-320, S.C.Code Ann. (1976), as amended.
 
 
 11
 Plaintiff does not dispute that the president of the College is the "chief administrative officer" of the College, and as chief administrative officer, plaintiff is held fully accountable and subject to continuous evaluation and review by the Area Commission and State Board. Section 59-53-20, S.C.Code Ann. (1976) as amended. Further, the enabling and governing legislation for Denmark Technical College makes it clear that the College is a governmental unit of the State of South Carolina. Sections 59-53-10, et seq., and 59-53-610, et seq., S.C.Code Ann., 1976, as amended.
 
 
 12
 Accordingly, this court concludes that the grievance procedure set forth in the handbook clearly exempts the president of Denmark Technical College from its coverage. Mr. Henry was strictly an at-will employee who served at the pleasure of the Area Commission. Therefore Mr. Henry having failed to establish any property interest in his employment, his cause of action based on the Fourteenth Amendment and 42 U.S.C. Sec. 1983, fails as a matter of law. Bishop v. Wood, 426 U.S. 341 (1974).
 
 
 13
 Plaintiff's remaining causes of action were pendent state claims. The district court correctly dismissed these claims based upon the court's holdings in United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139 (1966).
 
 
 14
 Because we agree that plaintiff could not prevail under any of his alleged theories, the judgment of the district court is affirmed.
 
 
 15
 AFFIRMED.